# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 96-41077
Summary Calendar

RALPH WESLEY ROGERS, SR.,

Plaintiff-Appellant,

versus

W.H. PALOT, Lieutenant; DAVID A. TUCK;
RODRIGUES, Sergeant; GARY JOHNSON,
Director, Texas Department of Criminal Justice,
Institutional Division,

Defendants-Appellees.

* * * * *

RALPH WESLEY ROGERS, SR.,

Plaintiff-Appellant,

versus

TIMOTHY A. GIBBONS, M.D.;
G.L. BERRY, M.D.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(G-93-CV-59 & G-93-CV-613)

July 7, 1997

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ralph Wesley Rogers, Sr. (#493394), a state prisoner, appeals the district court's dismissal of his civil rights action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Rogers contends that he was denied access to the courts because prison guards interfered with the mailing of legal documents pertaining to case number G-91-25, another 42 U.S.C. § 1983 action filed by Rogers against a prison guard for physical assault. "A denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation."[1] Although the district court originally dismissed case number G-91-25, Rogers concedes that the case was reinstated. Accordingly, Rogers has not been prejudiced by the alleged interference with his mail and his contention is without merit.[2]

Rogers also contends that Doctors Berry and Gibbons acted with deliberate indifference in changing his work restrictions so that he was eligible for assignment to field work. Unsuccessful medical treatment, negligence, neglect, or medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] **Henthorn v. Swinson**, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988 (1992).

[2] Rogers also alleged interference with his mail in another action, case number 90-G-342, but he does not raise that issue on appeal.

malpractice is insufficient to give rise to a section 1983 cause of action.[3] Rogers'

mere disagreement with the doctors' decision to change his work restrictions does

not establish a constitutional claim.

The district court's dismissal is affirmed.

---

[3]**Varnado v. Lynaugh**, 920 F.2d 320 (5th Cir. 1991).